# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

December 8, 2021

**VIA ECF**

The Honorable Barbara Moses
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, New York 10007

Re:   *Assad v. Pershing Square Tontine Holdings, Ltd.*, No. 21-CV-6907(AT)(BCM)

Dear Judge Moses:

We represent Defendants Lisa Gersh, Michael Ovitz, Jacqueline D. Reses, and Joseph S. Steinberg (collectively, the "**PSTH Directors**") in the above-referenced action.  We submit this letter-motion, pursuant to Rule 1(b) of Your Honor's Individual Practices, respectfully requesting a stay of discovery pending resolution of Defendants' motions to dismiss this action,[1] which will be fully briefed as of December 13, 2021.  We join, and incorporate by reference herein, the Pershing Square Defendants' December 7, 2021 letter-motion seeking a stay of discovery (the "**Pershing Square Letter**").  (Dkt. 72).

## RELEVANT BACKGROUND

**A.  Defendants' Motions to Dismiss in this Action**

Plaintiff filed this action on August 17, 2021.  (Dkt. 1).  On October 15, 2021, Plaintiff filed his Amended Complaint.  (Dkt. 44).  On November 4, 2021, all Defendants moved to dismiss the Amended Complaint in its entirety.  (*See* Dkts. 63, 66).  In the motions to dismiss, Defendants set forth multiple threshold bases regarding why each of Plaintiff's claims should be dismissed.  Those reasons include (*inter alia*) that *all* of Plaintiff's claims are untimely under the applicable one-year statute of limitations; *all* of Plaintiff's claims fail to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6); Plaintiff lacks standing to bring his claims;

---

[1]   *See* Dkt. 63 (Memorandum of Law in Support of Pershing Square Defendants' Motion to Dismiss); Dkt. 66 (Memorandum of Law in Support of PSTH Directors' Motion to Dismiss).  The "**Pershing Square Defendants**" are Pershing Square Tontine Holdings, Ltd.; Pershing Square TH Sponsor, LLC; Pershing Square, L.P.; Pershing Square International, Ltd.; and Pershing Square Holdings, Ltd.

CADWALADER

and Plaintiff fails to plead the necessary demand futility with respect to certain claims. Defendants' motions to dismiss will be fully briefed shortly, on **December 13, 2021**.

### B. Current Discovery Deadlines

Absent a stay of discovery pending resolution of Defendants' motions to dismiss, the PSTH Directors will be required to serve both (i) their responses and objections to Plaintiff's first set of document requests;[2] and (ii) their initial document requests to Plaintiff by **December 17, 2021**. (Dkt. 57 at 2). Additionally, the parties' deadline for serving initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) is **December 13, 2021**.[3]

The current discovery deadlines, which were set by Judge Torres during an initial case management conference on October 27, 2021, require all fact discovery to be completed by **April 5, 2022**. (Dkt. 57 at 2). During the October 27 conference, Judge Torres declined to adopt the parties' proposal to enter a stay of discovery pending resolution of Defendants' motions to dismiss. However, no formal motion for a stay has been made previously, nor has the issue been fully briefed before. The scheduling order states that discovery deadlines can be modified "for good cause shown." (*Id.* at 4). For the reasons set forth below and those addressed in the Pershing Square Letter, we believe good cause exists for the stay hereby requested.

### C. The *Assad v. GO* and *Assad v. E.Merge* Actions

It is worth noting that, in addition to this case, Plaintiff has brought two substantially similar cases against two other special purpose acquisition companies ("**SPACs**") in the Southern District of New York: *Assad v. E.Merge*, No. 21-CV-7072 which is pending before Judge Oetken; and *Assad v. GO Acquisition Corp.*, No. 21-CV-7076, which is pending before Judge Cronan. In both of those cases, as well as in this case, Plaintiff is seeking to upend decades of precedent by having a SPAC declared an "investment company" regulated by the Investment Company Act of 1940. Accordingly, the primary issues in all three cases are virtually identical. Indeed, large portions of Plaintiff's pleadings and briefs appear to have been copied verbatim or nearly verbatim across all three lawsuits.

The defendants in *Assad v. GO* and *Assad v. E.Merge* have moved to dismiss all of Plaintiff's claims in those actions for substantially the same reasons as Defendants' motions to dismiss in this case. In *Assad v. GO*, the defendants' motion to dismiss has been fully briefed as of November 5, 2021, and in *Assad v. E.Merge* the defendants' motion to dismiss has been fully

---

[2] Defendants' responses and objections are due on December 17, 2021 because Plaintiff served his initial document requests on November 17, 2021.

[3] The scheduling order set a deadline of December 20, 2021 for initial disclosures. (Dkt. 57 at 1.) Because this date falls after the December 17, 2021 deadline for serving document requests, the parties have agreed to serve initial disclosures on December 13, 2021, absent a stay of discovery.

CADWALADER

briefed as of December 3, 2021.[4] Based on a review of the dockets in *Assad v. GO* and *Assad v. E.Merge*, discovery is *not* proceeding while the motions to dismiss are pending in those cases.

## DISCUSSION

Courts have "considerable discretion to stay discovery" for good cause shown. *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *3 (S.D.N.Y. Apr. 26, 2018) (quotation marks and citations omitted) (granting stay pending discovery). As explained by the court in *O'Sullivan*:

> A court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case. Courts consider: (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.

*Id.* at 4. (quotation marks and citations omitted).

Given the truly extraordinary nature of the relief sought by Plaintiff and the unprecedented nature of his claims, as well as the stunning overbreadth of his discovery requests, there is good cause for the Court to exercise its discretion and grant a stay of discovery pending resolution of Defendants' motions to dismiss. In this action, Plaintiff is seeking sweeping, unprecedented relief that would rewrite the regulation of an entire financial market, not to mention wholly preclude as a practical matter the possibility of any business combination here before the expiration date. Moreover, as explained in detail in the Pershing Square Letter, there is a substantial likelihood that Plaintiff's claims will be dismissed. Accordingly, the "strength of the motion" weighs heavily in favor of a stay of discovery.

At the same time, Plaintiff has served Defendants, including the PSTH Directors, with extremely overbroad discovery requests. (*See* Dkt. 72, Ex. A.) As noted in the Pershing Square Letter, Plaintiff's requests include (*inter alia*) highly invasive and incredibly broad document requests which seek to probe into the lives of the PSTH Directors and their families. Plaintiff's discovery requests will almost assuredly result in contentious and costly discovery disputes. Accordingly, "the breadth of discovery sought" likewise weighs in favor of granting a stay.

Further, Plaintiff would not be prejudiced by a stay of discovery. Defendants' motions to dismiss will be fully briefed on **December 13, 2021**, and a stay would, at most, delay the start of discovery by only a few months. *See, e.g.*, *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery pending motion to dismiss where stay would "delay the commencement of discovery for only a few months"). Indeed, Plaintiff previously joined in the parties' proposal to stay discovery pending the motions to dismiss, and Plaintiff currently takes no position on Defendants' requests for a stay of discovery. In contrast, absent an immediate stay of discovery, Defendants will be forced to engage in expensive, time-consuming, overly burdensome, and harassing discovery. The PSTH Directors,

---

[4] *See Assad v. GO Acquisition Corp.*, No. 21-CV-7076(JPC)(JPL) (S.D.N.Y.), Dkt. 56; *Assad v. E.Merge*, No. 21-CV-7072(JPO) (S.D.N.Y.), Dkt. 51.

CADWALADER

who are individuals, will each be forced to waste substantial amounts of time responding to Plaintiff's overbroad discovery, which will doubtless include interrogatories and deposition notices for each director even though Defendants' motions to dismiss raise substantial issues warranting dismissal of Plaintiff's claims.  Under the circumstances, a stay of discovery would obviate the waste of the litigants' and the Court's resources that would result from responding to and litigating Plaintiff's discovery requests while the motions to dismiss are pending.

Finally, we note that in *Assad v. GO* and *Assad v. E.Merge*, discovery does *not* appear to be proceeding while the defendants' motions to dismiss are pending.  Those cases involve the same plaintiff, substantially identical claims against similarly situated defendants, and motions to dismiss brought on similar grounds.  In addition to the reasons stated above, under the circumstances, it would be arbitrary and unfair to subject Defendants in this case, particularly the individual PSTH Directors, to highly invasive, expensive, and time-consuming discovery which may prove unnecessary while defendants in virtually identical cases pending in the same district at the same time are not forced to undergo the same ordeal.

## RELIEF REQUESTED

Based on the foregoing, the PSTH Directors respectfully request that the Court grant a stay of discovery pending a decision on Defendants' motions to dismiss.

> Respectfully submitted,
>
> s/ Nicholas A. Gravante, Jr.
> Nicholas A. Gravante, Jr.

Cc: All counsel of record (by ECF)