

**Matthew Peller**
Senior Counsel

1251 Avenue of the Americas
New York, NY 10020
212.597.2822
mpeller@rksllp.com

December 13, 2021

**VIA ECF AND E-MAIL**

Honorable Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: *Assad v. Pershing Square Tontine Holdings, Ltd.*, No. 21-cv-6907 (AT) (BCM)

Dear Judge Torres:

Pursuant to Rule III.A of Your Honor's Individual Practices in Civil Cases, we write on behalf of the PSTH Individual Shareholders, a group of 62 individuals who hold Pershing Square Tontine Holdings, Ltd. ("PSTH") stock and warrants, to respectfully request leave to file the attached *amici curiae* brief in support of the Pershing Square Defendants' Motion to Dismiss the Amended Complaint (ECF No. 62).[1]  All Defendants consent to this request.  Plaintiff "believe[s] that such a request is untimely, but defer[s] to the Court as to whether to accept such an untimely submission."

***The PSTH Individual Shareholders.***  The PSTH Individual Shareholders collectively own more than 1.289 million shares of PSTH (worth over $25 million, as of December 10, 2021) and nearly

---

[1] The PSTH Individual Shareholders state that no party's counsel authored the proposed *amici* brief, in whole or in part, and no party nor party's counsel contributed money to fund the preparation or submission of this brief.  The PSTH Individual Shareholders are: Syed Moazzam Ahmed, Ahmad Khalid Alakoozi, Rory Banim, Francis Barton, Adam O. Botterbusch, David M. Broadway, Daniel Brown, Nicholas E. Cady, Giovanni Digiulio, Cecil Dean Ellison, Luis J. Feliu, John Franklin, Todd Fungard, Kyle Hansen, Matt Henry, James Herndon, Steven Ho, Brian Hwang, Nathaniel Jones, Tamilarasu Krishnamoorthy, Keerthana Krishnasamy, Stephan Kröber, Ryan Laks, Pavel Larionov, Brian Li, Ryan Lowe, Maksim P. Martynyuk, Justin Matasovsky, Kai McFarland, Michael R. McNett, Oliver Miller, Ramesh Nannapaneni, Christopher M. O'Neal, Kunal Oak, Aspyn Palatnick, Yash Pancholi, David Park, Aarsh Patel, Ali-Yaho Pearce, Jacob Aloysius Pervine, James Porteous, Jose Ramirez, Andrew Rosenblatt, David Rotter, Aaron P. Rupp, Ed Seaford, Pratik Shah, Christopher Shields, Timothy John Simmons, Thomas Slawinski, Avraham Smason, Matthew T. Smith, Jeffrey Stern, Taco Tico of New Orleans, Inc. (by Kimberly McDaniel), Hansel Tsai, Peter Van Alstyne, Kenneth Robert Watson, Jonathan Wilson, Darren Ngiam Zhi Xian, Ava Zandieh, Kevin Zhang, Benjamin Liu Zhiwei.

Honorable Analisa Torres                                                           Page 2
December 13, 2021

197,000 warrants to purchase PSTH shares.  The PSTH Individual Shareholders disagree with
Plaintiff's core theory that PSTH, a special purpose acquisition company, is an investment
company under the Investment Company Act ("ICA").

***The Proposed Amici Brief Adds a Unique and Valuable Perspective.***  As this Court recently
recognized, "[t]here is no governing standard, rule or statute prescribing the procedure for
obtaining leave to file an amicus brief in the district court, and so deciding whether to permit an
individual to act as amicus curiae lies in the firm discretion of the district court."  *SEC v. Ripple
Labs, Inc.*, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021) (Torres, J.) (internal quotation marks
omitted).  "Usually, an amicus brief should be allowed . . . when the amicus has unique information
or perspective that can help the court beyond the help that the lawyers for the parties are able to
provide."  *Id.*

The proposed *amici* brief provides the Court with the unique perspective of ordinary, individual
PSTH investors collectively holding more than $25 million worth of PSTH shares.  That
perspective is especially relevant to a key issue raised in the Pershing Square Defendants' Motion
to Dismiss—whether the ICA applies to PSTH—because courts have held that "what principally
matters" in determining whether a company is subject to the ICA "*is the beliefs the company is
likely to induce in investors.*  Will its portfolio and activities lead investors to treat a firm as an
investment vehicle or as an operating enterprise?"  *SEC v. Nat'l Presto Indus., Inc.*, 486 F.3d 305,
315 (7th Cir. 2007) (Easterbrook, J.) (emphasis added); *see also Moses v. Blank*, 1981 WL 1599,
at *6 (S.D.N.Y. Feb. 3, 1981) ("There is no evidence . . . which would indicate that historically or
in the statements of policy appearing in annual reports and public filings, [the company] . . . *was
known to the public* as anything but primarily a fast food business operation . . . .") (emphasis
added); *In re Tonopah Mining Co.*, 26 S.E.C. 426, 1947 WL 26116, at *4 (July 21, 1947) ("the
nature of the assets and income of the company, disclosed in the annual reports filed with the
Commission and in reports sent to stockholders, *was such as to lead investors to believe* that the
principal activity of the company was trading and investing in securities.") (emphasis added).  The
PSTH Individual Shareholders are providing the Court with the perspective of investors through
their *amici* brief.  As in *United States v. Heleniak*, the Court should accept the PSTH Individual
Shareholders' *amici* brief, because they have "a unique perspective that goes to the heart of the
issue of the . . . motion."  2015 WL 4208622, at *4 (W.D.N.Y. July 10, 2015).

Moreover, as in *Ripple*, the PSTH Individual Shareholders' proposed *amici* brief "stress[es]
different arguments" than do Defendants, and "so . . . will provide the Court with a meaningful
perspective, and will help ensure complete and plenary presentation of difficult issues so that the
[C]ourt may reach a proper decision."  *Ripple*, 2021 WL 4555352, at *5 (internal quotation marks
omitted).  Unlike the parties, *amici* focus solely on the issue of whether PSTH is subject to the
ICA, including discussing why Plaintiff's position ultimately would harm individual investors and
showing why the cases in which companies have been held to be inadvertent investment companies
do not apply here.

Honorable Analisa Torres                                                                                       Page 3
December 13, 2021


***The PSTH Individual Shareholders' Request Is Timely.***  As stated above, Plaintiff contends that the PSTH Individual Shareholders' request is untimely (although Plaintiff defers to the Court on whether the brief should be accepted).  Plaintiff is wrong.  There is no rule governing the deadline for an *amici* brief in the district court."  *Ripple*, 2021 WL 4555352, at *5.  Rather, an *amici* brief is timely unless its filing would cause "unnecessary delay."  *Andersen v. Leavitt*, 2007 WL 2343672, at *6 (E.D.N.Y. Aug. 13, 2007); *see also Pratt v. Indian River Cent. Sch. Dist.*, 2010 WL 11681606, at *3 (N.D.N.Y. Dec. 6, 2010).  Here, the PSTH Individual Shareholders are seeking leave on the same day that Defendants' reply briefs in support of their motions to dismiss are due.  Thus, accepting the proposed *amici* brief would not cause any "unnecessary delay," given that the motion to dismiss is not even yet *sub judice*.  *See Young Advocates for Fair Educ. v. Cuomo*, 2018 WL 10561496, at *2 (E.D.N.Y. Oct. 30, 2018) (timeliness objection to amicus briefs "not persuasive" where "[n]o date . . . set for the argument of . . . motion"); *Pratt*, 2010 WL 11681606, at *4 (amicus brief "not untimely because a decision has not been rendered on Defendants' motions to dismiss"); *Andersen*, 2007 WL 2343672, at *6 (no "unnecessary delay" where motions "fully submitted," but "no judgment has been rendered" on them).  This is especially true because the proposed brief is attached to this letter-motion, thus permitting the Court to review that brief at the same time it considers whether to permit its filing.  *See Andersen*, 2007 WL 2343672, at *6; *Hart v. Town of Guilderland*, 2020 WL 8411581, at *1 (N.D.N.Y. July 28, 2020).

*          *          *

For the reasons set forth above, the PSTH Individual Shareholders respectfully request that the Court grant them leave to file the attached proposed *amici* brief.

Respectfully submitted,

*/s/ Matthew A. Peller*
Matthew A. Peller
ROLNICK KRAMER SADIGHI LLP
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 597-2800
Fax: (212) 597-2801
mpeller@rksllp.com

*Counsel to the PSTH Individual Shareholders*