UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GEORGE ASSAD, directly on behalf of himself and all others similarly situated, and derivatively on behalf of PERSHING SQUARE TONTINE HOLDINGS, LTD.,

                      Plaintiff,

v.

PERSHING SQUARE TONTINE HOLDINGS, LTD.,

                      Nominal Defendant,

v.

PERSHING SQUARE TH SPONSOR, LLC, LISA GERSH, MICHAEL OVITZ, JACQUELINE D. RESES, JOSEPH S. STEINBERG, PERSHING SQUARE, L.P., PERSHING SQUARE INTERNATIONAL, LTD., AND PERSHING SQUARE HOLDINGS, LTD.,

                      Defendants.

No. 21-CV-06907(AT)(BCM)

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
LISA GERSH, MICHAEL OVITZ, JACQUELINE D. RESES,
AND JOSEPH S. STEINBERG'S MOTION TO DISMISS**

**CADWALADER, WICKERSHAM & TAFT LLP**
Nicholas A. Gravante, Jr. (Nicholas.Gravante@cwt.com)
Karen C. Dyer (Karen.Dyer@cwt.com)
Amanda L. Devereux (Amanda.Devereux@cwt.com)
200 Liberty Street
New York, New York 10281
Tel.: (212) 504-6000
Fax: (212) 504-6666

*Attorneys for Defendants Lisa Gersh, Michael Ovitz, Jacqueline D. Reses, and Joseph S. Steinberg*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

ARGUMENT ................................................................................................................................ 4

   I.   COUNTS THREE AND FOUR MUST BE DISMISSED BECAUSE PLAINTIFF DOES NOT ADEQUATELY PLEAD DEMAND FUTILITY .............................................................. 4

      A.   Plaintiff is Not Excused from the Demand Requirement Simply Because Some of His Claims Purportedly Touch on Director Compensation ............................................. 4

      B.   Plaintiff Fails to Plead Material Personal Benefit with Particularity ............................................. 6

      C.   Plaintiff Fails to Plead Lack of Independence with Particularity ............................................. 7

   II.   COUNT TWO MUST BE DISMISSED AS TO THE PSTH DIRECTORS ............................................. 8

      A.   PSTH Is Not a Registered Investment Company ....................................................... 8

      B.   Plaintiff's Section 36(b) Claim is Deficient and Untimely ............................................. 9

      C.   The PSTH Directors Are Not Proper Parties to the Section 36(b) Claim ............................................. 11

CONCLUSION ........................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Avianca, Inc. v. Corriea*,
   1993 WL 797455 (D.D.C. May 13, 1993) ................................................................................ 9

*Bostock v. Clayton Cty., Ga.*,
   140 S. Ct. 1731 (2020) ............................................................................................................ 8

*Conrad v. Blank*,
   940 A.2d 28 (Del. Ch. 2007) ................................................................................................... 5

*Curd ex rel. SEI Int'l Equity Fund v. SEI Inv. Mgmt. Corp.*,
   2015 WL 4243495 (E.D. Pa. July 14, 2015) ........................................................................... 9

*Desimone v. Barrows*,
    924 A.2d 908 (Del. Ch. 2007) ................................................................................................. 5

*Forsythe v. Sun Life. Fin., Inc.*,
   475 F. Supp. 2d 122 (D. Mass. 2007) ............................................................................. 10, 11

*Frank v. Elgamal*,
   2012 WL 1096090 (Del. Ch. 2012) ........................................................................................ 7

*Franklin v. Gwinnett Cty. Pub. Sch.*,
   503 U.S. 60 (1992) .................................................................................................................. 9

*Green v. Fund Asset Mgmt., L.P.*,
   147 F. Supp. 2d 318 (D.N.J. 2001) ....................................................................................... 13

*Hunt v. Invesco Funds Grp. Inc.*,
   2006 WL 1751900 (S.D. Tex. June 22, 2006) ...................................................................... 11

*In re AllianceBernstein Mut. Fund Excessive Fee Litig.*,
   2005 WL 2677753 (S.D.N.Y. Oct. 19, 2005) ....................................................................... 13

*In re AllianceBernstein Mut. Fund Excessive Fee Litig.*,
   2006 WL 74439 (S.D.N.Y. Jan. 11, 2006) ............................................................................ 13

*In re Dreyfus Mut. Funds Fee Litig.*,
   428 F. Supp. 2d. 342 (W.D. Pa. 2005) ............................................................................ 10, 13

*In re Franklin Mut. Funds Fee Litig.*,
   478 F. Supp. 2d 677 (D.N.J. 2007) ....................................................................................... 11

*In re Gartenberg*,
    636 F. 2d 16 (2d Cir. 1980) .......................................................................................... 9, 10

*In re Goldman Sachs Mut. Funds Litig.*,
    2006 WL 126772 (S.D.N.Y. Jan. 17, 2006) .............................................................. 7, 12, 13

*In re INFOUSA, Inc. Shareholders Litig.*,
    953 A.2d 963 (Del. Ch. 2007) ............................................................................................ 6

*In re Vaxart, Inc.*,
    2021 WL 5578704 (Del. Ch. Nov. 30, 2021) ....................................................................... 6

*Ingenhutt v. State Farm Inv. Mgmt. Corp.*,
    2017 WL 1398646 (C.D. Ill. Apr. 18, 2017) ........................................................................ 9

*Jones v. Harris Assocs. L.P.*,
    559 U.S. 335 (2010) ............................................................................................................ 9

*Kahn v. Kohlberg, Kravis, Roberts & Co.*,
    970 F.2d 1030 (2d Cir. 1992) ...................................................................................... 10, 11

*Miller v. Butler*,
    2014 WL 1716184 (D.N.J. Apr. 30, 2014) .......................................................................... 9

*Morada Music, LLC v. Hays*,
    2010 WL 11596237 (C.D. Cal. Jan. 27, 2010) .................................................................... 9

*Phoenix Four, Inc. v. Strategic Res. Grp., Corp.*,
    2006 WL 399396 (S.D.N.Y. Feb. 21, 2006) ...................................................................... 10

*Pirundini v. J.P. Morgan Inv. Mgmt. Inc.*,
    309 F. Supp. 3d 156 (S.D.N.Y. 2018) ................................................................................ 10

*Reaves ex. rel Federated Kaufmann Fund v. Federated Invs., Inc.*,
    2007 WL 709327 (W.D. Pa. Mar. 5, 2007) ........................................................................ 13

*Red Fort Capital, Inc. v. Guardhouse Prods., LLC*,
    397 F. Supp. 3d 456 (S.D.N.Y. 2019) ................................................................................ 11

*SEC v. S&P Nat'l Corp.*,
    360 F.2d 741 (2d Cir. 1966) ................................................................................................ 8

*Steinberg v. Janus Capital Mgmt., LLC*,
    457 F. App'x 261 (4th Cir. 2011) ........................................................................................ 9

*Strigliabotti v. Franklin Res., Inc.*,
    398 F. Supp. 2d 1094 (N.D. Cal. 2005) .................................................................................... 9

*United Food & Comm. Workers Union v. Zuckerberg*,
    2021 WL 4344361 (Del. Sept. 23, 2021) ........................................................................... 3, 4, 6

*Voigt v. Metcalf*,
    2020 WL 614999 (Del. Ch. Feb. 10, 2020) ............................................................................ 7

*Weiss v. Swanson*,
    948 A.2d 433 (Del. Ch. 2008) .................................................................................................. 5

**Statutes**

15 U.S.C. § 80a-7 ............................................................................................................................ 8

15 U.S.C. § 80a-7(a)(1) ................................................................................................................... 2

15 U.S.C. § 80a-7(a)(4) ................................................................................................................... 2

15 U.S.C. § 80a-15(a) .................................................................................................................. 2, 6

15 U.S.C. § 80a-16(a) .................................................................................................................. 2, 6

15 U.S.C. § 80a-18(d) ..................................................................................................................... 2

15 U.S.C. § 80a-18(i) .................................................................................................................. 2, 6

15 U.S.C. § 80a-22(g) ..................................................................................................................... 2

15 U.S.C. § 80a-23(a) ..................................................................................................................... 2

15 U.S.C. § 80a-35(a) ................................................................................................................... 12

15 U.S.C. § 80a-35(b) .............................................................................................................. passim

15 U.S.C. § 80a-35(b)(3) .......................................................................................................... 4, 12

15 U.S.C. § 80a-56(n)(2) ................................................................................................................ 8

15 U.S.C. § 80b-5(a) ....................................................................................................................... 8

15 U.S.C. § 80b-15 .................................................................................................................. 5, 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... passim

Fed. R. Civ. P. 23.1 ..................................................................................................................... 1, 3

The PSTH Directors, through counsel, submit this reply memorandum of law in further support of their motion to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 23.1. The PSTH Directors also join in and hereby incorporate by reference the Reply Memorandum of Law in Support of the PSTH Defendants' Motion to Dismiss.[1]

## INTRODUCTION

Through this lawsuit and two others,[2] serial plaintiff George Assad seeks to upend decades of precedent and Securities and Exchange Commission ("**SEC**") practice by having all SPACs declared unlawful. Plaintiff asks this Court (*inter alia*) to rescind PSTH's Certificate of Incorporation and declare that PSTH is operating illegally as an unregistered investment company, which would render it barred from engaging in any interstate commerce. The relief requested by Plaintiff would almost certainly destroy PSTH, which currently holds $4 billion for the purpose of completing an initial business combination ("**IBC**") by July 2022 (or within six months of that date if a letter of intent or similar agreement is entered into by July 2022). PSTH's public warrantholders would lose all value, PSTH's public shareholders (including Plaintiff) would lose the benefit of their bargain, and no $4 billion IBC would occur. Such a ruling would be unprecedented and would have devastating, far-reaching effects.

Ironically, Plaintiff asserts that *Defendants* "will have to make new law" to prevail in this case. Opp. at 4. But it is Plaintiff who is asking the Court to make new law. No SPAC has *ever* been determined to be an "investment company" subject to the ICA. Yet, Plaintiff asks this Court to ignore the plain language of that and other statutes, and to suspend common sense. Ruling in Plaintiff's favor would not only require the Court to create new law on multiple points under the

---

[1] Unless otherwise indicated, all capitalized terms shall have the same meanings given to them in the PSTH Directors' opening brief. *See* Dkt. 66.
[2] *Assad v. E.Merge*, No. 21-CV-7072(JPO) (S.D.N.Y.); *Assad v. GO Acquisition Corp.*, No. 21-CV-7076(JLC)(JPC) (S.D.N.Y.).

ICA and IAA; for Plaintiff's claims to survive Defendants' motions to dismiss, the Court would also need to create new law regarding demand futility. Because while Plaintiff asks this Court to grant him bold, sweeping relief, his attitude toward the demand requirements for his claims is that they should not be enforced, or should only be loosely applied in his case.

As set forth in Defendants' opening briefs (Dkts. 63, 66), there are multiple grounds to dismiss each of Plaintiff's claims as a matter of law. *All* of his claims are untimely under the applicable one-year statute of limitations. And, for numerous reasons set forth in detail in the PSTH Defendants' memoranda of law, *all* of Plaintiff's claims fail to state a claim for which relief can be granted under Rule 12(b)(6). With respect to the claims pled against the PSTH Directors, those reasons include (*inter alia*) that (i) Count II, as well as six of Plaintiff's eight purported predicates for Count III,[3] fail on both Rule 12(b)(6) and standing grounds because the underlying statutory provisions apply only to *registered investment companies*, of which PSTH is not; (ii) Count II also fails to state a claim because Plaintiff does not allege that Defendants received *any* compensation in the year preceding his lawsuit; and (iii) all of Plaintiff's claims fail because he cannot satisfy the requirement of contemporaneous ownership, having purchased his shares long after the execution of the contracts of which he now complains.[4]

Further, Counts III and IV also fail as a matter of law because Plaintiff fails to plead demand futility with sufficient particularity. Plaintiff's superficial argument is essentially that he is excused from pleading demand futility because some of his claims purportedly touch on director compensation. But that is not the law. Simply adding a claim regarding director compensation

---

[3] The eight purported predicates are 15 U.S.C. §§ 7(a)(1), 7(a)(4), 15(a) , 16(a) , 18(d), 18(i), 22(g), and 23(a). Am. Compl. ¶¶ 135-141, 145-149, 203-207. All but 15 U.S.C. §§ 7(a)(1) and 7(a)(4) pertain only to *registered investment companies*.
[4] Additionally, Count I (Declaratory Judgment) fails because shareholders have no private right of action to force companies to register as investment companies. *See* Dkt. 63 at 14-15.

does not excuse Plaintiff from the requirements of Rule 23.1 or the fact-intensive, director-by-director, transaction-by-transaction and claim-by-claim analysis required by *Zuckerberg*. And Plaintiff does *not* allege that the PSTH Directors engaged in any fraud, self-dealing, or any non-exculpatory conduct that would create personal liability for the directors.

Nor does Plaintiff allege with *any* particularity that any PSTH Directors have received compensation that is of "material personal benefit"—or that the PSTH Directors have received *any* compensation at all, for that matter. Notably, the purported basis for Plaintiff's oft-repeated assertion that Defendants have reaped "enormous profits" is Plaintiff's speculation regarding the value of what the PSTH Directors would have received in a transaction *that never happened*, the UMG Deal. But a transaction that never happened cannot be the basis for any of Plaintiff's claims, much less a reason to excuse demand. And it is plain from the Amended Complaint (as well as the documents incorporated by reference) that the PSTH Directors have received *no* fees or other compensation from PSTH. Rather, more than one year before Plaintiff filed his suit, the PSTH Directors *purchased* Director Warrants—which are non-transferable and not yet exercisable and will never become exercisable if an IBC does not occur—for $2.8 million, and two of the PSTH Directors entered into agreements to pay a total of $6 million *to purchase* Forward Purchase Units before an IBC—an event that has not happened and may never happen. That is all.

Apparently conceding that he has not adequately pled that the Directors' Agreements resulted in a "material personal benefit" to any of the individual directors, Plaintiff argues in a footnote that he is entitled to "an inference" of material personal benefit based on his conclusory allegations. But again, that is not the law, and Plaintiff cannot establish demand futility based on his unsupported, conclusory allegations.

Plaintiff's remaining argument concerning demand futility—lack of independence—likewise fails. Plaintiff's cursory, halfhearted argument is simply that the PSTH Directors lack independence because they were appointed and can be removed by PSTH's Sponsor. But it is well-established that such allegations do *not* suffice to establish demand futility. Accordingly, Counts III and IV must be dismissed for failure to plead demand futility, among other reasons.

Finally, Count II, in addition to being untimely and generally deficient under Rule 12(b)(6), must also be dismissed with respect to the PSTH Directors because Plaintiff does not (and cannot) allege, as required by 15 U.S.C. § 80a-35(b)(3), that the PSTH Directors are the *recipients* of any compensation for any investment adviser or "affiliated persons." As discussed below, Plaintiff's attempt to rehabilitate his Section 36(b) claim by asserting that he is seeking rescission of the Sponsor Warrant Agreement and the Sponsor Forward Purchase Agreement (together, the "**Sponsor Agreements**") and Directors' Agreements, and speculative "future" damages arising from those agreements, fails as a matter of law. Under Second Circuit precedent, any claims arising from those agreements accrued at the time of execution. Thus, even if rescission *were* available as a remedy under Section 36(b), his claim is barred by the one-year statute of limitations.

## ARGUMENT

**I. COUNTS THREE AND FOUR MUST BE DISMISSED BECAUSE PLAINTIFF DOES NOT ADEQUATELY PLEAD DEMAND FUTILITY**

**A. Plaintiff is Not Excused from the Demand Requirement Simply Because Some of His Claims Purportedly Touch on Director Compensation**

Plaintiff argues that he is excused from the demand requirement, as well as the exercise of actually applying the *Zuckerberg* factors, simply because some of his claims purportedly touch on director compensation. Opp. at 44-45. Despite Plaintiff's formulaic assertion, there is no rule saying that demand is automatically excused whenever director compensation is challenged; such

4

a rule would lead to absurd results and allow parties to avoid demand by simply adding a claim challenging director compensation.

The cases cited by Plaintiff (Opp. at 44-45) are not to the contrary. Those cases merely demonstrate that demand is excused when there are allegations of ***fraudulent*** behavior to distort the value of the director compensation at issue. In *Desimone*, the court found that the company's directors were "interested" because they allegedly received options which had been *fraudulently* backdated to conceal their true value from regulatory agencies and shareholders and to artificially inflate director compensation. *Desimone v. Barrows*, 924 A.2d 908, 947 (Del. Ch. 2007) (cited in Opp. at 45) (dismissing claims on 12(b)(6) grounds, *inter alia*, because plaintiff was not a shareholder when options were granted). And in *Weiss*, the directors allegedly used material inside information to fraudulently time "in the money" options which they granted to themselves. *Weiss v. Swanson*, 948 A.2d 433, 448 (Del. Ch. 2008) (cited in Opp. at 44-45); *see also Conrad v. Blank*, 940 A.2d 28, 38 (Del. Ch. 2007) (cited in Opp. at 45) (finding demand excused where plaintiff alleged scheme involving backdated options granted to directors and executives, and company took no action after discovering backdating; dismissing claims concerning options granted before plaintiff became a shareholder). In contrast, here there are no allegations of self-dealing or fraud or other non-exculpated conduct. As Plaintiff appears to concede, there is no likelihood of any personal liability for the PSTH Directors for any of Plaintiff's claims. *See* Dkt. 66 at 10-11. Instead, there are only conclusory allegations that the PSTH Directors' compensation is—or may eventually be—too high.

Moreover, Count IV of the Amended Complaint, which Plaintiff purports to bring pursuant to Section 215 of the IAA, seeks to rescind the *Sponsor* Agreements. *See* Am. Compl. ¶¶ 210-217. It does not (and cannot) seek to rescind the Directors' Agreements. Similarly, at least three

of Plaintiff's purported predicates for Count III (Sections 15(a), 16(a), and 18(i) of the ICA) do not implicate the Directors' Agreements or compensation. Accordingly, Plaintiff has offered *no* reason whatsoever for his failure to make a demand with respect to Count IV and three of his predicates underlying Count III. *See In re Vaxart, Inc.*, 2021 WL 5578704, at *15 (Del. Ch. Nov. 30, 2021) ("Demand futility is conducted on a claim-by-claim basis.") (quotation marks and citation omitted).

### B. Plaintiff Fails to Plead Material Personal Benefit with Particularity

As noted above, *Zuckerberg* requires a fact-intensive, director-by-director, transaction-by-transaction analysis to determine whether demand is excused. *United Food & Comm. Workers Union v. Zuckerberg*, 2021 WL 4344361, at *17 (Del. Sept. 23, 2021). Plaintiff effectively concedes that he cannot satisfy the *Zuckerberg* test by not even *trying* to satisfy it. Instead, Plaintiff makes only conclusory allegations that the Directors' Agreements are of material value to the PSTH Directors. *See* Am. Compl. ¶¶ 180-185; Opp. at 44. Those allegations do not suffice. "Mere recitations of elephantine compensation packages and executive perquisites, however amusingly described, will rarely be enough to excuse a derivative plaintiff from the obligation to make demand upon a defendant board of directors." *Vaxart*, 2021 WL 5578704, at *19 (quoting *In re INFOUSA, Inc. Shareholders Litig.*, 953 A.2d 963, 983 (Del. Ch. 2007)).

Nor is there any merit to Plaintiff's argument (relegated to a footnote) that his conclusory allegations entitle him to an inference that the PSTH Directors' compensation is of material personal benefit. Opp. at 44 n.32. Plaintiff is required to plead demand futility with particularity, including his claim that the directors' alleged compensation is of material personal benefit to each director. *See In re Goldman Sachs Mut. Funds Litig.*, 2006 WL 126772, at *11 (S.D.N.Y. Jan. 17,

2006) (citing cases); Dkt. 66 at 6-10. The cases cited by Plaintiff (Opp. at 44 n.32) are highly distinguishable.[5]

Moreover, Plaintiff fails to even allege that the PSTH Directors have received *any* compensation, much less that such compensation is material to each director personally. *See* Dkt. 66 at 7-10. Rather, the PSTH Directors, who have received *no* fees or other compensation, *purchased* warrants for $2,837,500. Am. Compl. ¶¶ 88-89. And two of the PSTH Directors entered into an agreement which entitles them to pay $6 million for Director Forward Purchase Units prior to the IBC. *Id.* ¶¶ 82. Because the Director Warrants only become exercisable *if* there is an IBC by July 2022, they may ultimately prove worthless and the PSTH Directors may lose their investment. *See* Dkt. 66 at 10. Plaintiff's claim that Defendants are enjoying "enormous profits" (Opp. at 33) is based on Plaintiff's speculation regarding the value of shares that the PSTH Directors would have received as part of a transaction *that never happened*, the UMG Deal. *See* Opp. at 3, 8, 33, 45; Am. Compl. ¶¶ 75, 91-93, 95 100-101, 155, 182-185.

### C. Plaintiff Fails to Plead Lack of Independence with Particularity

As explained in the PSTH Directors' opening brief, the mere fact that the PSTH Directors have been appointed by the Sponsor does *not* establish lack of independence. *See* Dkt. 66 at 14-15 (citing cases). Plaintiff offers no response to this point, and his Opposition merely repeats his insufficient allegation that the PSTH Directors were appointed and may be removed by the Sponsor. *See* Opp. at 33; Am. Compl. ¶ 176. Accordingly, Plaintiff has failed to plead lack of independence with sufficient particularity.

---

[5] *See Voigt v. Metcalf*, 2020 WL 614999, at *15 (Del. Ch. Feb. 10, 2020) (holding lack of independence sufficiently alleged where complaint alleged that substantially *all* of director's income derived from companies affiliated with corporation at issue); *Frank v. Elgamal*, 2012 WL 1096090, at *11 (Del. Ch. 2012) (determining director was interested in challenged merger where he received a $250,000 fee for negotiating that merger).

## II. COUNT TWO MUST BE DISMISSED AS TO THE PSTH DIRECTORS

### A. PSTH Is Not a Registered Investment Company

Count II fails as a matter of law because the plain language of Section 36(b) applies only to registered investment companies, and it is undisputed that PSTH is *not* a registered investment company. *See* Dkt. 66 at 15. The fifty-five year-old case cited by Plaintiff (Opp. at 11, 29, 31) is inapposite and does not support Plaintiff's position. In *S&P*, the SEC brought an action seeking injunctive relief pursuant to Section 8 of the ICA, which prohibits *un*registered investment companies from entering into certain transactions. *See SEC v. S&P Nat'l Corp.*, 360 F.2d 741, 747 (2d Cir. 1966). The opinion does not address Section 36(b), nor does it state that provisions concerning *registered* investment companies can be enforced against alleged *un*registered investment companies. Rather, the Second Circuit upheld the district court's decision that the defendant company was an unregistered investment company for a full-five year period even though the company's securities holdings dipped below the 40% threshold for "investment companies" during part of that period. *Id.* at 746. Thus, the SEC was able to obtain relief pursuant to Section 8 because the company was an *un*registered investment company. *Id.* at 747.

If Congress had wanted Section 36(b) to apply to both registered and unregistered investment companies, the statute would say that. *See* 15 U.S.C. § 80a-56(n)(2) (referring to "registered or required to be registered" investment advisers); 15 U.S.C. § 80b-5(a) (same); 15 U.S.C. § 80a-7 ("Transactions by unregistered investment companies"). Instead, Section 36(b) refers—and repeatedly—to *registered* investment companies only, and thus does not apply to PSTH. *See Bostock v. Clayton Cty., Ga.*, 140 S. Ct. 1731, 1749 (2020) ("[W]hen the meaning of the statute's terms is plain, [the court's] job is at an end.").

### B. Plaintiff's Section 36(b) Claim is Deficient and Untimely

Count II of the Amended Complaint is also doomed, both for Rule 12(b)(6) and statute of limitation purposes, because Plaintiff does not (and cannot) plead that Defendants received any compensation in the year preceding the filing of this action. Attempting to sidestep this fatal flaw, Plaintiff asserts that his claims are timely because he plans to seek rescission of the Directors' Agreements, as well as *future* damages. Opp. at 39-40. Plaintiff's attempt to salvage his Section 36(b) claim fails as a matter of law. First, none of the cases cited by Plaintiff (Opp. at 39-40 & nn.24-25) actually held that rescission alone is available as a remedy under Section 36(b) of the ICA.[6] Plaintiff also fails to address the persuasive authority cited by Defendants which clearly and soundly explains that rescission is not available as a remedy under Section 36(b). *See Steinberg v. Janus Capital Mgmt., LLC*, 457 F. App'x 261, 267-68 (4th Cir. 2011).

But even if rescission *were* available as a remedy under Section 36(b), Plaintiff's claim would still be untimely because the Directors' Agreements (and all the agreements complained of) were executed more than a year before Plaintiff filed this action. *See Kahn v. Kohlberg, Kravis,*

---

[6] *See Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 341 (2010) (mentioning in passing that plaintiff sought both damages and rescission; does not rule on whether rescission is an available remedy); *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75-76 (1992) (holding damages are available as a remedy under Title IX; does not mention rescission or Section 36(b)); *In re Gartenberg*, 636 F. 2d 16, 17 (2d Cir. 1980) (stating equitable remedies such as restitution and disgorgement may be available under Section 36(b); does not mention rescission); *Ingenhutt v. State Farm Inv. Mgmt. Corp.*, 2017 WL 1398646, at *9 (C.D. Ill. Apr. 18, 2017) (stating, where plaintiff sought both damages and rescission under Section 36(b), that the issue of whether rescission is available as a remedy under Section 36(b) is undecided in the Seventh Circuit and court would reserve judgment until a violation was proven); *Curd ex rel. SEI Int'l Equity Fund v. SEI Inv. Mgmt. Corp.*, 2015 WL 4243495, at *1 (E.D. Pa. July 14, 2015) (stating plaintiffs sought rescission pursuant to Section 47(b), not Section 36(b)); *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1096 (N.D. Cal. 2005) (stating plaintiffs sought both damages and rescission; decision does not address whether rescission is available under Section 36(b)); *see also Miller v. Butler*, 2014 WL 1716184, at *5 (D.N.J. Apr. 30, 2014) (applying New Jersey law to breach of fiduciary duty claim; no statutory claims addressed); *Morada Music, LLC v. Hays*, 2010 WL 11596237, at *4 (C.D. Cal. Jan. 27, 2010) (same, applying California law); *Avianca, Inc. v. Corriea*, 1993 WL 797455, at *4 (D.D.C. May 13, 1993) (same, applying law of the District of Columbia).

*Roberts & Co.*, 970 F.2d 1030, 1042 (2d Cir. 1992) (cited in Opp. at 40). In *Kahn*, the Second Circuit held that the plaintiffs' claim for rescission of an investment advisory contract under Section 215 of the IAA accrued when the contract was executed. 970 F.2d at 1042. Because the contract was executed more than one year before the lawsuit was filed, the Second Circuit affirmed the dismissal of the claim. *Id.* Thus, under the precedent of *Kahn*, Plaintiff's claim is untimely regardless of whether rescission is available as a remedy under Section 36(b). *See also In re Gartenberg*, 636 F. 2d at 18 n.4 ("Section 36(b) has a built-in one year statute of limitations."); *Pirundini v. J.P. Morgan Inv. Mgmt. Inc.*, 309 F. Supp. 3d 156, 159, 161 n.4 (S.D.N.Y. 2018) (dismissing Section 36(b) claim and applying one-year statute of limitations where plaintiff sought damages and rescission of investment advisory contract); *Phoenix Four, Inc. v. Strategic Res. Grp., Corp.*, 2006 WL 399396, at *6 (S.D.N.Y. Feb. 21, 2006) ("[A]n action for rescission accrues when the contract is executed.") (citing *Kahn*, 970 F.2d at 1042); *In re Dreyfus Mut. Funds Fee Litig.*, 428 F. Supp. 2d 342, 352 (W.D. Pa. 2005) (dismissing Section 36(b) claim as time-barred under one-year statute of limitations where plaintiff sought damages and rescission).

Plaintiff's assertion that he can claim *future* damages under Section 36(b) (Opp. at 40) is likewise unavailing. In *Kahn*, the Second Circuit rejected that argument, stating:

> The subsequent payment of fees or rendering of advice by KKR could not give rise to a new cause of action. Since the plaintiffs allege that the contract violated the IAA at the moment it was entered into, the claim accrued at that time.

970 F.2d at 1040. Moreover, Plaintiff is only able to cite a *single*, out-of-circuit district court case for his proposition that Section 36(b) permits recovery of damages that arose after the filing of the complaint. *See Forsythe v. Sun Life Fin., Inc.*, 475 F. Supp. 2d 122, 124 (D. Mass. 2007) (cited in

10

Opp. at 40).[7]  Indeed, another case cited by Plaintiff holds the opposite.  *See In re Franklin Mut. Funds Fee Litig.*, 478 F. Supp. 2d 677, 685-86 (D.N.J. 2007) (cited in Opp. at 40).  Plaintiff also ignores the crucial point that in *Forsythe*, the plaintiff was also seeking investment advisor fees that were paid in the year preceding his lawsuit.  475 F. Supp. 2d at 123-24.  In other words, the additional damages that arose after the filing of the lawsuit simply went to the amount of damages for an existing claim; they did not create new causes of action.  *See Kahn*, 970 F.2d at 1040.  Just as there is no support for Plaintiff's argument that he can reach back beyond the one-year lookback period to create a basis for his Section 36(b) claim, there is no support for his argument that he can bring a claim now based on speculative future fees and damages.

Facing the reality that *all* of his claims are time-barred, Plaintiff now argues that none of his claims arose until one year after PSTH had its IPO.  *See* Opp. at 38-39.  Plaintiff argues that the Court should reach back and recoup compensation allegedly paid *before* PSTH allegedly became an unregistered investment company.  *See id.* at 38-40.  That argument fails for multiple reasons: it lacks any statutory or case law support; it is illogical; and is at tension with *Kahn*.  Nor is it supported by the allegations pled in the Amended Complaint.  *See Red Fort Capital, Inc. v. Guardhouse Prods., LLC*, 397 F. Supp. 3d 456, 476 (S.D.N.Y. 2019) ("It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.") (quotation marks and citation omitted).

### C.  The PSTH Directors Are Not Proper Parties to the Section 36(b) Claim

In response to the PSTH Directors' argument that they are not proper parties to the Section 36(b) claim, Plaintiff merely asserts that "the Director Defendants are 'person[s] enumerated in

---

[7]  In the other case cited by Plaintiff, the court merely clarified that it had *not* previously ruled on whether damages arising after the complaint were available under Section 36(b).  *See Hunt v. Invesco Funds Grp. Inc.*, 2006 WL 1751900, at *1 (S.D. Tex. June 22, 2006) (cited in Opp. at 40).

subsection (a)' of section 36." Opp. at 33 (citing 15 U.S.C. § 80a-35(b)). But it is undisputed that PSTH is *not* a registered investment company, and thus the PSTH Directors are *not* "persons enumerated" in Section 36(a). *See* Point II.A, *supra*; 15 U.S.C. § 80a-35(a) ("in respect of any ***registered*** investment company for which such person so serves or acts") (emphasis added); 15 U.S.C. 80a-35(b) ("An action may be brought under this subsection by the Commission, or by a security holder of such ***registered*** investment company . . . .") (emphasis added).

Plaintiff also ignores the fundamental point that Section 36(b) claims may only be brought against *recipients* of compensation *to an investment adviser or an affiliated person*:

> For the purposes of this subsection, the investment adviser of registered investment company shall be deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, ***paid*** by such registered investment company or by the shareholders thereof ***to such investment adviser or any affiliated person*** of such investment adviser.
>
> . . .
>
> (3) No such action shall be brought or maintained against any person ***other than the recipient of such compensation or payments*** . . . .

15 U.S.C. § 80a-35(b); 15 U.S.C. § 80a-35(b)(3); *see also Goldman Sachs*, 2006 WL 126772, at *7-*8 (citing cases).

As Plaintiff appears to admit (Opp. at 34-35), the PSTH Directors are neither investment advisers nor affiliates thereof.[8] Plaintiff also admits that the Amended Complaint *only* alleges that non-party PSCM provided investment advisory services to PSTH. *See* Opp. at 35. Plaintiff does *not* allege that the PSTH Directors provided investment advisor services, and the PSTH Directors are not "affiliated persons" of PSCM. *See* Dkt. 66 at 16.

---

[8] Plaintiff thus appears to have abandoned his unsupported allegation in the Amended Complaint that the PSTH Directors are "affiliated persons" of PSCM. *See* Am. Compl. ¶ 197.

12

By focusing solely on the language "persons enumerated in subsection (a)," Plaintiff attempts to read out of the statute Section 36(b)(3)'s mandate that only *recipients* of compensation *to investment advisors or affiliated persons* may be sued. But there are no allegations that any compensation received by the PSTH Directors will flow back to PSCM.[9] Simply alleging that the PSTH Directors received compensation does not suffice to bring a claim under Section 36(b). *See, e.g.*, *Goldman Sachs*, 2006 WL 126772, at *7-*8 (dismissing Section 36(b) claim against trustees of investment adviser); *In re AllianceBernstein Mut. Fund Excessive Fee Litig.*, 2005 WL 2677753, at *6-*7 (S.D.N.Y. Oct. 19, 2005) (dismissing Section 36(b) claims against directors of mutual fund);[10] *Dreyfus*, 428 F. Supp. at 351 (dismissing Section 36(b) claims against directors of mutual fund as "not legally cognizable" where "complaint contain[ed] no allegations that the Directors' salaries were used a way to divert, disguise, or launder advisory compensation.").[11]

## CONCLUSION

For the reasons set forth above and in the Reply Memorandum of Law in Support of the PSTH Defendants' Motion to Dismiss the Amended Complaint, the Court should dismiss the Amended Complaint in its entirety, with prejudice, and grant such other and further relief as the Court deems just and appropriate.

---

[9] Plaintiff's theory for his Section 36(b) claim appears to be that the PSTH Defendants, all of which are entities, will use any compensation received to indirectly benefit non-party and alleged investment advisor PSCM. *See* Opp. at 35. Regardless of whether there is any factual or legal merit to Plaintiff's quasi alter ego theory, it does not apply to the PSTH Directors.

[10] *See also In re AllianceBernstein Mut. Fund Excessive Fee Litig.*, 2006 WL 74439, at *3 (S.D.N.Y. Jan. 11, 2006) (dismissing remaining Section 36(b) claims on partial reconsideration).

[11] *See also, e.g.*, *Reaves ex. rel Federated Kaufmann Fund v. Federated Invs., Inc.*, 2007 WL 709327, at *1 (W.D. Pa. Mar. 5, 2007) (collecting cases); *Green v. Fund Asset Mgmt., L.P.*, 147 F. Supp. 2d 318, 329-30 (D.N.J. 2001) (dismissing Section 36(b) claims against officers of investment adviser).

Dated: New York, New York
December 13, 2021

                                                               Respectfully submitted,

CADWALADER, WICKERSHAM & TAFT LLP
By: /s/ Nicholas A. Gravante, Jr.
Nicholas A. Gravante, Jr.
Karen C. Dyer
Amanda L. Devereux
200 Liberty Street
New York, New York 10281
Tel.: (212) 504-6000
Fax: (212) 504-6666
Nicholas.Gravante@cwt.com
Karen.Dyer@cwt.com
Amanda.Devereux@cwt.com

*Attorneys for Defendants Lisa Gersh, Michael Ovitz, Jacqueline D. Reses, and Joseph S. Steinberg*