**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

**MEMO ENDORSED**

DIRECT DIAL    212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

December 7, 2021

**BY ECF**

The Honorable Barbara Moses
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 740
New York, New York 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/21

    Re:    *Assad v. Pershing Square Tontine Holdings, Ltd.*, et al., No. 21-cv-6907 (AT) (BCM)

Dear Judge Moses:

    We represent the Pershing Square Defendants[1] in the above-referenced action and respectfully submit this letter motion, pursuant to Rule 1(b) of Your Honor's Individual Practices, to seek a stay of discovery pending resolution of the Pershing Square Defendants' Motion to Dismiss. The Motion to Dismiss presents substantial arguments for dismissal of this action in its entirety with prejudice, which may obviate the need for discovery that will require significant time and expense for all involved and generate numerous disputes—as Plaintiff has already demonstrated by serving dozens of sweeping requests for production, many of which seek irrelevant and/or sensitive information involving lawyers and regulators, and which are likely to lead to burdensome litigation for all.[2] Plaintiff takes no position on this motion. We understand that the Pershing Square Director Defendants are also separately moving to stay discovery.

    Through this action, Plaintiff seeks to categorically invalidate special purpose acquisition companies (or "SPACs"), including PSTH, on the novel, baseless theory that SPACs are investment companies subject to the many requirements of the Investment Company Act ("ICA"),

---

[1] The Pershing Square Defendants are Pershing Square Tontine Holdings, Ltd. ("PSTH"); Pershing Square TH Sponsor, LLC; Pershing Square, L.P.; Pershing Square International, Ltd.; and Pershing Square Holdings, Ltd.

[2] Even as the Motion to Dismiss is still being briefed, discovery deadlines are now imminent, with initial disclosures due December 13, and initial requests for production and Defendants' responses to the requests Plaintiff has already served due December 17.

notwithstanding the SEC's longstanding judgment to the contrary. The SEC, as the statutory gatekeeper that decides who is an investment company and must register as such under the ICA, has approved more than 1,000 SPACs, which have collectively raised more than $250 billion, since 2003. *See, e.g.*, SPAC Analytics, https://www.spacanalytics.com. It has never required a single SPAC to register as an investment company or so much as suggested that SPACs generally should be considered investment companies.

Plaintiff's claims fail as a matter of law for multiple reasons. *See generally* ECF No. 62 ("MTD"). Nevertheless, Plaintiff has launched into discovery at full throttle, serving discovery requests a month ahead of the parties' agreed-upon deadline. And those requests are exceedingly invasive and overbroad, making clear that he will impose significant burdens on Defendants—likely for naught—if discovery is permitted to advance before the Motion to Dismiss is resolved. No motion to stay discovery has been filed prior to this letter motion. While Judge Torres declined to adopt a proposal from the parties under which discovery would commence after a ruling on the Motion to Dismiss, no motion for a stay was made or briefed, and the Motion to Dismiss had not yet been submitted. *See* ECF No. 51 at 4.

This Court should grant the Pershing Square Defendants' motion to stay discovery pending resolution of the Motion to Dismiss. Courts have "considerable discretion to stay discovery" where there is good cause, *Kirschner v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 230183, at *2 (S.D.N.Y. Jan. 15, 2020) (citation omitted), looking "to the particular circumstances and posture of each case," *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted). In determining whether good cause exists, courts consider (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious by raising "substantial arguments for dismissal," *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018) (citation omitted); "(2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay," *Guiffre v. Maxwell*, 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016). Courts also "take into account the nature and complexity of the action, whether some or all defendants have joined in the request for a stay, and the posture or stage of the litigation." *Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018) (citation omitted). All of these factors weigh in favor of a discovery stay here.

*First*, the Motion to Dismiss sets forth numerous, independently dispositive bases for dismissal. Those threshold arguments include that:

 i. Plaintiff seeks to usurp the role of the SEC when, under controlling Second Circuit precedent, he lacks any private right of action, *see* MTD at 13–18;
 ii. Plaintiff lacks standing to bring claims on behalf of PSTH, as he was not a shareholder at the time of the alleged harm but rather bought into PSTH nearly a year later, ostensibly for purposes of bringing this baseless lawsuit, *id.* at 18–19;
 iii. Plaintiff further lacks standing because, even after becoming a shareholder, he did not make pre-suit demand on the Board, which is not excused, *id.* at 19–20;
 iv. Plaintiff's claims are alternatively untimely, having accrued in 2020, or speculative and unripe, as any purported harm turns on what PSTH may do, *id.* at 20–22;
 v. Plaintiff cannot plausibly allege that PSTH is an investment company as required for all of his claims, because PSTH's explicit purpose is not to manage a portfolio

<ul>
<li>of investment securities but rather to effectuate a business combination within a finite period of time or return its capital to shareholders, as the SEC recognized in approving PSTH (and every other SPAC) without requiring registration as an investment company, *id.* at 23–28;</li>
<li>vi. Even if PSTH were an investment company and Pershing Square Capital Management, L.P. were its investment advisor, Plaintiff fails to allege an underlying violation of the ICA or IAA, *id.* at 28–30; and</li>
<li>vii. The declaratory judgment and "direct" claims are in the wrong forum, *id.* at 30.</li>
</ul>

Each of these arguments, standing alone, is "substantial," and taken together they plainly amount to "substantial arguments for dismissal." *Morgan Art Found. Ltd. v. McKenzie*, 2020 WL 6135113, at *2 (S.D.N.Y. Oct. 18, 2020) (citation omitted) (Moses, J.). Defendants' arguments are not "frivolous," and succeeding on any one of the independently dispositive arguments "may warrant dismissal of Plaintiff[']s entire complaint." *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (Torres, J.); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay where dispositive motion put forth "multiple, independent arguments for dismissal").

*Second*, the breadth of discovery tips the scales strongly in favor of a stay. Not only did Plaintiff serve document requests weeks before even *initial* disclosures were exchanged according to the jointly proposed schedule approved by Judge Torres, *see* ECF No. 57, but also his requests make plain the serious burden that discovery will impose on Defendants. *See* Ex. A, Requests for Production ("RFPs"). Indeed, Plaintiff's twenty pages of requests demand 33 sweeping categories of documents and communications, which seek effectively every document concerning everything PSTH has ever done. *See, e.g.*, RFP 5, Ex. A at 15.

Many of the requests are so excessive as to border on the absurd. For instance, Plaintiff seeks "Documents and Communications sufficient to identify any social relationship between or among You and any Defendants, or between or among You and another Defendant's Immediate Family, including attendance at social functions; political, charitable, or university fundraising; campaign, charitable, athletic, musical, cultural, or university events; visits to homes, boats, or aircrafts; vacations (including arranging for tours on vacations); or performance of personal favors." RFP 26, *id.* at 17–18. Moreover, a number of Plaintiff's requests seek to pry into privileged, sensitive, and highly confidential matters. For instance, Plaintiff seeks all internal documents and communications concerning PSTH's communications with the SEC, including communications from PSTH's attorneys (*see* RFP def. 10, *id.* at 8), as well as the day-to-day work of the board and management—all from a shareholder who does not have standing to sue on behalf of the Company and usurp the board's judgment to the detriment of other shareholders in the first place. *See, e.g.*, RFP 7, 11; *id.* at 15. Plaintiff also broadly seeks every document that has "any tendency to make the existence of any fact that is of consequence to the determination of the Action more probable or less probable than it would be without the evidence." RFP 32, *id.* at 19.

These are not run-of-the-mill discovery requests that can be readily resolved through the meet-and-confer process: they are likely to lead to significant motion practice, which will have been a waste of everyone's time if the Motion to Dismiss is granted. *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, 2008 WL 11510668, at *3 (S.D.N.Y. June 12, 2008) (granting stay where "there is likely to be significant motion practice regarding the scope and extent of

disclosure").[3] Moreover, Plaintiff has declined to extend the deadline for responses and objections, meaning discovery disputes will likely arise well before the Motion to Dismiss is resolved.

*Third*, there is no legitimate risk of undue delay or prejudice to Plaintiff. Indeed, Plaintiff previously agreed that discovery should not proceed until after the Court resolved the Motion to Dismiss. *See* ECF No. 51 at 4. Since then, the parties have proceeded on an expedited briefing schedule. This case was filed in August 2021, and the Motion to Dismiss will be fully briefed, and ready for decision on the threshold questions, by December 13, 2021. *See New York by James v. Pennsylvania Higher Educ. Assistance Agency*, 2020 WL 605944, at *2 (S.D.N.Y. Feb. 7, 2020) (granting stay based on little risk of prejudice where "only four months [had] passed" since complaint's filing); *Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) (concluding any prejudice from stay would be "minimal" where "hearing date for the [dismissal] motion is less than two months away"); *Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at *1 (stay imposed where motion-to-dismiss briefing would be completed in six weeks and stay would thus "delay the commencement of discovery for only a few months").

Finally, the derivative nature of Plaintiff's claims weighs in favor of a stay. Courts presiding over derivative claims, in many different contexts, routinely stay discovery until "non-frivolous motions to dismiss are resolved" to avoid the risk that the lawsuit will improperly "impinge upon the ability of directors to manage the affairs of the corporation." *Cent. Laborers Pension Fund v. News Corp.*, 2011 WL 6224538, at *1 (Del. Ch. Nov. 30, 2011).[4] In derivative suits, a preliminary stay "minimize[s] the incentives for plaintiffs to file frivolous securities class actions in the hope . . . that corporate defendants will settle those actions rather than bear the high cost of discovery," and the risk that plaintiff will use discovery as a fishing expedition for new claims "not alleged in the complaint." *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 305 (S.D.N.Y. 2002) (explaining purpose of PSLRA stays). These concerns are paramount in this case, as Plaintiff filed suit without notifying the Board charged with protecting the interests of thousands of other shareholders who want PSTH to complete a business combination, and his suit works against those interests by casting a cloud over PSTH, thereby making it more difficult for PSTH to complete its objective. *See* MTD at 3. Moreover, courts in this district commonly stay discovery in cases where pending motions to dismiss present complex legal issues. *See, e.g., Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (granting stay in part because of the "intricacy of the contractual provisions involved, and the complex . . . claims asserted"). It is thus unsurprising that discovery is not proceeding in the cases before Judges Oetken and Cronan, filed by the same Plaintiff on essentially the same grounds, while the motions to dismiss in those cases are briefed. *See* Nos. 21-cv-7072-JPO, 21-cv-7076-JPC.

---

[3] *Hertz Glob. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020) (granting discovery stay where plaintiff's single discovery request "was expansive enough in its wording to impose significant discovery obligations on Defendants"); *Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (ordering stay where "proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on Defendant" when ruling on dismissal motion "may significantly narrow, if not eliminate, the issues remaining") (citation omitted).

[4] Courts in this District have looked to state law in the state of incorporation—here, Delaware—as a factor supporting a discovery stay. *See Halebian v. Berv*, 869 F. Supp. 2d 420, 442 (S.D.N.Y. 2012). Considering Delaware law is particularly appropriate in this case given that Defendants have raised a *forum non conveniens* argument. *See* MTD at 30.

**KAPLAN HECKER & FINK LLP**

5

\* \* \*

The Pershing Square Defendants respectfully request that the Court grant a stay of discovery pending a decision on the Motion.

Respectfully submitted,

Roberta A. Kaplan

Attachments

cc: All Counsel of Record (by ECF)

---

Application GRANTED. Discovery is STAYED pending resolution of the Pershing Square defendants' motion to dismiss (Dkt. No. 62). The parties are directed to submit a joint letter within 10 days of the ruling on the motion to dismiss with a proposed discovery schedule. The Clerk of Court is respectfully directed to close the letter-motion at Dkt. No. 73. SO ORDERED.

Barbara Moses
United States Magistrate Judge
December 16, 2021