**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL 212.763.0886
DIRECT EMAIL jquinn@kaplanhecker.com

December 21, 2021

**BY ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

  Re: *Assad v. Pershing Square Tontine Holdings, Ltd., et al.*, No. 21-cv-6907 (AT) (BCM)

Dear Judge Torres:

  We write in response to Plaintiff's letter motion for leave to file a sur-reply addressing the PSTH Individual Shareholders' amicus brief (ECF 83), which misrepresents the record in multiple, material respects.

  To be clear, a PSTH investor reached out to Pershing Square Investor Relations on November 22 and stated that a group of investors wished to express their view, in an amicus brief, that this lawsuit is baseless. Pershing Square asked me for a recommendation, and based on prior experience in complex securities matters, we provided a potential name, which Pershing Square then passed along to the inquiring investor. More specifically, as is quoted in the Reddit post that Plaintiff attaches to his proposed sur-reply (ECF 83-2), Pershing Square Investor Relations stated: "Thank you for reaching out and for your offer to help. We have identified a good lawyer … who is willing to assist you for no or a small fee," and then provided the investor with that lawyer's contact information. For the avoidance of doubt, neither that lawyer nor the firm with which he is affiliated has previously represented Pershing Square or any of its affiliates, Pershing Square has provided no compensation to that lawyer or firm in any form whatsoever, and Pershing Square has not made any commitment whatsoever with respect to any future engagement or business with that lawyer or firm.

  Subsequently, it appears that the PSTH Individual Shareholders reached out and formed an attorney-client relationship with that lawyer, and they then submitted a brief through their counsel. In submitting that brief, amici counsel disclosed that "no party's counsel authored the proposed *amici* brief, in whole or in part, and no party nor party's counsel contributed money to fund the preparation or submission of this brief." (ECF 74.) This is not only completely true and accurate,

**KAPLAN HECKER & FINK LLP**

2

but also fully complies with the rules for the submission of an amicus brief in federal court.  *See* Fed. R. App. Proc. 29(a)(4)(E).

Plaintiff's last-ditch effort to impugn the motivations of 62 of his fellow shareholders and the sincerity of their stated views should be rejected.[1]  That is not a proper purpose for a sur-reply, and there is nothing to Plaintiff's misguided attack in any event.  The Court should consider the views and arguments set forth in the amicus brief—which the Court has already accepted (ECF 78)—for whatever weight the Court deems appropriate.

Respectfully submitted,

/s/ John C. Quinn
John C. Quinn

cc: All Counsel of Record (by ECF)

---

[1] Plaintiff states that Defendants "take no position [on] Plaintiff's motion." (ECF 83 at 1.) In fact, Defendants took no position on the express understanding that Plaintiff's proposed sur-reply would address "new arguments or points made in the amicus brief"—not that Plaintiff would cast aspersions on the 62 individual shareholders who submitted the brief or the process by which they did so.