## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| GEORGE ASSAD, directly on behalf of himself and all others similarly situated, and derivatively on behalf of PERSHING SQUARE TONTINE HOLDINGS, LTD., | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PERSHING SQUARE TONTINE HOLDINGS, LTD., | ) ) | **CASE NO. 1:21-cv-06907-AT** |
| Nominal Defendant, | ) ) | |
| v. | ) ) | |
| PERSHING SQUARE TH SPONSOR, LLC, LISA GERSH, MICHAEL OVITZ, JACQUELINE D. RESES, JOSEPH S. STEINBERG, PERSHING SQUARE, L.P., PERSHING SQUARE INTERNATIONAL, LTD., AND PERSHING SQUARE HOLDINGS, LTD., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

## TABLE OF CONTENTS

BACKGROUND AND SUMMARY ............................................................................ 1

ARGUMENT ...................................................................................................................... 2

I.    AMICI OMIT THE SEC'S RECENT ORDER RAISING QUESTIONS ABOUT THE ICA STATUS OF DEFENDANTS' SPECIAL PURPOSE VEHICLES .......................... 2

II.    PSTH IS AN INVESTMENT COMPANY ......................................................... 5

    A.    Investors Perceive PSTH to be an Investment Company ...................................... 5

    B.    PSTH's History Demonstrates It is An Investment Company ............................... 8

    C.    PSTH's Stock Price History Demonstrates It is An Investment Company ........... 9

    D.    PSTH Does Not Warrant Special Treatment ........................................................ 11

CONCLUSION .................................................................................................................. 11

10248418v1/017257

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Friedl v. City of New York*,
 210 F.3d 79 (2d Cir. 2000).................................................................5

*Ganino v. Citizens' Utilities Co.*,
 228 F.3d 154 (2d Cir. 2000).............................................................10

*Hepp v. Facebook*,
 14 F. 4th 204 (3d Cir. 2021) ..............................................................1

*Panzer v. Verde Energy USA, Inc.*,
 2021 WL 2186422 (E.D. Pa. May 27, 2021) ......................................1

*SEC v. Fifth Ave. Coach Lines*,
 289 F. Supp. 3d (S.D.N.Y. 1968)......................................................8, 9

*SEC v. National Presto Industries*,
 486 F.3d 305 (7th Cir. 2007) .......................................................5, 6, 7

*Sierra Club v. Fed. Emergency Mgmt. Agency*,
 2007 WL 3472851 (S.D. Tex. Nov. 14, 2007) ....................................2

*Siimes v. Giordano*,
 1992 WL 301622 (D.N.J. Oct. 8, 1992)..............................................8

*Tonopah Mining Co. of Nev.*,
 26 S.E.C. 426 (1947)................................................................ *passim*

*United States v. Gotti*,
 755 F. Supp. 1157 (E.D.N.Y. 1991) ...................................................1

**Statutes**

15 U.S.C. § 78s(b)(2)(B)................................................................3

15 U.S.C. § 78z.............................................................................4

15 U.S.C. § 80a-3(a)(1)(A).............................................................7

**Regulations**

17 C.F.R. § 201.200 .....................................................................4

17 C.F.R. § 270.3a-2 ....................................................................9

ii

**Other Authorities**

*Arizona Property Investors, Ltd.*, SEC No-Action Ltr.,
 1979 WL 14220 (Aug. 9, 1979) ................................................................................8

*Florida First Equities Corp.*, SEC No-Action Ltr.,
 1980 WL 14869 (Sept. 11, 1980) .............................................................................9

*In re ICOS Corp.*,
 51 S.E.C. 322, 1993 WL 78892 (Mar. 16, 1993) ...................................................11

*In re PacifiCare of Arizona, Inc.*,
 84 S.E.C. Docket 859, 2004 WL 2674268 (Nov. 22, 2004) ....................................11

Matt Levine, Bloomberg Opinion: *Money Stuff: Bill Ackman Has a SPARC* (Nov.
 29, 2021) ...................................................................................................................3

*Medidentic Mortgage Investors*, SEC No-Action Ltr.,
 1984 WL 45320 at *2 (May 23, 1984) .....................................................................9

Michael Klausner, et al., *A Sober Look at SPACs* tbl. 1 (forthcoming Yale J. Reg.
 2022) ......................................................................................................................10

10248418v1/017257

## BACKGROUND AND SUMMARY

Plaintiff George Assad submits this sur-reply in further opposition to Defendants' motions to dismiss, to respond to an *amicus* brief joined by several dozen users from the internet message board Reddit (the "Redditors"). "Reddit is an online forum that allows users to create communities organized around topics." *See Hepp v. Facebook*, 14 F. 4th 204, 207 (3d Cir. 2021). The Court should give little weight to the brief because its origins are suspect and its arguments are wrong.

The brief was written by a lawyer picked by Defendants to craft it for a group of investors recruited on Reddit. While soliciting signatures for the brief, one of the *amici* reported on Reddit on December 1, 2021: "I just heard back from investor relations" for Pershing Square Capital Management ("PSCM"), the investment adviser for PSTH. The *amicus* quotes a communication from PSCM's investor relations department as follows:

> Thank you for reaching out and for your offer to help. We have identified a good lawyer, Matt Peller at Rolnick Kramer, who is willing to assist you for no or a small fee. Time is of the essence and a filing would have to be made by December 13, 2021. Please contact Matt Peller as soon as possible. . . . Kind regards, Pershing Square IR.[1]

The response of one purported signatory is indicative of investors' comprehension of what the brief was about: "Okay I'm in. Don't even really understand what I'm doing here, but [expletive] George Assad." *Id.*

The Court should give the Redditors' brief little weight. Courts regularly express skepticism or deny consideration of *amicus* briefs that have been influenced by or are affiliated with one side. *See, e.g.*, *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991); *Panzer v. Verde Energy USA, Inc.*, 2021 WL 2186422, at *3-4 (E.D. Pa. May 27, 2021); *Sierra Club v.*

---

[1] *Urgent: Amicus Brief in Support of Motion to Dismiss – Need your help!*, available at https://www.reddit.com/r/PSTH/comments/r6pygd/urgent_amicus_brief_in_support_of_motion_to/?utm_source=share&utm_medium=mweb3x (emphasis added). (Attached hereto as Exhibit B.)

*Fed. Emergency Mgmt. Agency*, 2007 WL 3472851, at *1-2 (S.D. Tex. Nov. 14, 2007). The circumstances of the Redditors' brief present precisely such a situation: a party lined up a lawyer to create some arguments to support that party's position, and the *amici* who eventually signed on were relevant only as a means to get these arguments before the Court to support that party.

On the merits, the Redditors <u>entirely ignore the fact that the proposed UMG transaction indisputably made PSTH an investment company</u>. Instead, they address only the significance of PSTH's investments in government securities. They make two arguments. The first is that the SEC has somehow bound everyone—itself, Plaintiff, and the Court—to the position that SPACs are not investment companies because it has never indicated otherwise. But just days before the Reddit brief was filed, the SEC publicly raised doubts about whether a proposal made by <u>this very SPAC</u> would run afoul of the ICA. Additionally, the law is clear that the Court must give <u>no weight</u> to the SEC's decision to permit SPACs' registration statements to become effective thus far.

The Redditors' other argument is that they do not personally view PSTH as an investment company. But the objective facts about PSTH's promise of redemption rights in a huge pool of securities have plainly led the great bulk of other investors to believe otherwise. PSTH's stock price indicates that, like the vast majority of investors in other SPACs, the bulk of PSTH's investors now expect to redeem their shares and take nothing more from the Company than the returns on its pool of securities.

## **ARGUMENT**

## I.    **AMICI OMIT THE SEC'S RECENT ORDER RAISING QUESTIONS ABOUT THE ICA STATUS OF DEFENDANTS' SPECIAL PURPOSE VEHICLES**

Over a half-dozen pages, the Redditors tell the Court that the SEC "has never implied, stated or concluded (either formally or informally)" that SPACs may be subject to the ICA; "has never suggested, let alone stated, that SPACs are subject to the ICA," has "said nary a word that

th[ese] companies might be subject to the ICA," has never "mention[ed] the possibility that SPACs are within the ambit of the ICA" or even "address[ed] the issue of SPACs being potentially subject to the ICA," and has provided "zero indication . . . that SPACs are subject to the ICA" Am. Br. 2, 4, 6. These statements are incorrect, and *amici*'s glaring omission of the SEC's only official statement on this subject one way or the other offers the Court a window into *amici*'s credibility.

The week before the Redditors' brief was filed, the SEC addressed the ICA status of these vehicles in a formal order regarding a rule change proposed by the New York Stock Exchange (NYSE).[2] NYSE proposed this rule change at PSTH's behest to permit listing of a special purpose rights acquisition company, or SPARC—a vehicle very similar to PSTH that has been described as "Bill Ackman's next-generation SPAC."[3] Rather than approve NYSE's proposed rule change, the Commission issued an order instituting proceedings to provide "notice of the grounds for disapproval under consideration" by the Commission.[4] Among those grounds, the Commission expressed its concern that:

> [I]t is unclear under [NYSE's] proposal whether the [SPARC] would meet the definition of investment company under the Investment Company Act of 1940[.] If so, the company may need to register under the 1940 Act . . . .[5]

To be sure, like any order of this kind, the Commission's order "does not indicate that the Commission has reached any conclusions with respect to any of the issues involved."[6] But the Redditors' repeated claim that the SEC has "said nary a word that these companies might be subject

---

[2] Securities and Exchange Commission, Release No. 34-93741, File No. SR-NYSE-2021-45, Order Instituting Proceedings to Determine Whether to Approve or Disapprove a Proposed Rule Change to Adopt Listing Standards for Subscription Warrants Issued by a Company Organized Solely for the Purpose of Identifying an Acquisition Target (Dec. 8, 2021) [hereinafter SEC Order, attached as Exhibit C]. Federal law requires changes to stock-exchange rules to be approved by the Commission. *See* 15 U.S.C. § 78s(b)(2)(B).

[3] Matt Levine, *Bloomberg Opinion: Money Stuff: Bill Ackman Has a SPARC* (Nov. 29, 2021).

[4] SEC Order, *supra* note 2, at 5.

[5] *Id.* at 13.

[6] *Id.* at 5.

10248418v1/017257

to the ICA," Am. Br. 4, is incorrect, and the Redditors' omission of the Commission's recent statement involving these very defendants illustrates why the Court should give the Redditors' brief no weight.

It also shows the folly of Defendants' and the Redditors effort to extract the SEC's view of the law from the tea leaves of the SEC's inaction to date.[7] Federal law expressly prohibits any person from inferring that the SEC has approved the legality of a security by permitting it to be registered under the securities laws. Section 26 of the Securities Exchange Act declares that "No action or failure to act by the Commission . . . in the administration of this chapter shall be construed to mean that [the SEC] has in any way passed upon the merits of, or given approval to, any security" and specifically makes it "unlawful" to suggest otherwise. 15 U.S.C. § 78z.

If Defendants and *amici* wish to rest their case on the SEC's views, they should join Plaintiff in "urg[ing this] Court to issue an order asking the SEC to express those views directly to the Court." Pl. MTD Opp. 2. PSTH is also free to seek the SEC's views on its own without action by the Court by applying for a no-action letter or order under sections 3(b)(2) or 6(c) of the ICA. PSTH refuses to ask the SEC only because it fears what the SEC will say.

---

[7] Especially problematic is *amici*'s claim that the absence of analysis of ICA issues in informal statements by Commission officials tells the Court anything about the SEC's view of the ICA. Am. Br. 5-6. These statements, "like all staff statements, ha[ve] no legal force or effect," and are "not a rule, regulation, or statement of the" Commission. SEC, *Staff Statement on Select Issues Pertaining to Special Purpose Acquisition Companies* (March 31, 2021), at n.1. By contrast, the Commission's recent order is an order "instituted by the Commission" itself, 17 C.F.R. § 201.200. No serious analysis of the SEC's views would include the former but not the latter.

## II.      PSTH IS AN INVESTMENT COMPANY

The Redditors next make several arguments as to why PSTH is not an investment company. These arguments focus solely on PSTH's investments in treasuries, ignoring its proposed investment in UMG. Each of these arguments fails.

### A.      Investors Perceive PSTH to be an Investment Company

First, the Redditors point to *SEC v. National Presto Industries* and argue that what matters under the ICA is whether investors would be more likely to treat the company "as an investment vehicle or as an operating enterprise." *Nat'l Presto*, 486 F.3d 305, 315 (7th Cir. 2007). This misstates the law. For one thing, *National Presto* does not supplant the *Tonopah* test under which Defendants clearly lose. *See Tonopah Mining Co. of Nev.*, 26 S.E.C. 426 (1947); Pl. MTD Opp. 16-25. For another, *National Presto* specifically identified acquisition companies as a frequent source of problems under the ICA and the quintessential "model" of inadvertent investment companies. 486 F.3d at 312.

The Redditors nevertheless argue that under *National Presto*, PSTH is not an investment company for the simple reason that the Redditors do not believe it be one. Am. Br. 7-9. But this argument is not a legal claim—it is an assertion of fact. As such, the most it can establish is a question of fact requiring discovery and trial. The Court may not consider such an assertion, outside the pleadings, on a motion to dismiss. *See, e.g.*, *Friedl v. City of New York*, 210 F.3d 79, 83-84 (2d Cir. 2000). And even if it did, the views of a few dozen people self-selected from an internet message board would hardly be enough to establish the views of the entire universe of PSTH investors.

Plaintiff has alleged numerous facts to show that investors can and do plausibly regard PSTH as an investment vehicle. These facts include the Company's investment of 100% of its assets in securities for up to two and a half years, AC ¶ 110; its offer to allow investors to take the

returns on these securities independent of the Company's future operations by redeeming their shares for the value of the securities, AC ¶¶ 40-41; the Company's total reliance on a professional investment fund adviser for management, AC ¶¶ 126-31; and the Company's proposal to permanently invest three quarters its assets in the securities of UMG, AC ¶¶ 60-67.[8]

Surprisingly, the Redditors' brief quotes from *Tonopah* in support of their position: "[T]he nature of the assets and income of the company, disclosed in the annual reports filed with the Commission and in reports sent to shareholders, was such as to lead investors to believe that the principal activity of the company was trading and investing in securities." Am. Br. 1-2 (quoting *Tonopah Mining Co.*, 26 S.E.C. 426). Although the Redditors wished *Tonopah* said that investors' beliefs must necessarily follow whatever a company says about its own legal status under the ICA, what *Tonopah* actually says is that investors will base their beliefs on the actual facts of a company's activities—most importantly its present assets and income. In this case, the nature of the assets and the income of PSTH are <u>all</u> government securities, making the application of *Tonopah* to PSTH straightforward.

The Redditors also ignore the fact that under *National Presto*, the inquiry about investor preferences is comparative, not absolute: it asks whether investors would be *more likely* to treat a firm "as an investment vehicle *or* as an operating enterprise." *Nat'l Presto*, 486 F.3d at 315 (emphasis added). Although the Redditors speculate about why an investor might not treat PSTH as an investment vehicle, they do not offer a single reason why any investor could think of PSTH as an operating enterprise. The Company has no employees, revenues, or assets that offer any hint of operations.

---

[8] The Redditors argue that Plaintiff has not alleged that he personally believed PSTH is an investment company. Am. Br. 11. But Plaintiff stated his beliefs by filing a complaint alleging that PSTH is an investment company.

6

The Redditors argue that PSTH will be an "operating enterprise" <u>in the future</u>, but the Seventh Circuit used the term to refer only to a company's business in <u>the present</u>. *National Presto* emphasized the company's present operations as a "designer and marketer" of "military supplies," "diapers and puppy pads." *Nat'l Presto*, 486 F.3d at 307, 313. In the same paragraph in which it described acquisition companies as the "model" inadvertent investment companies, the court emphasized that the distinction between an acquisition company and an operating enterprise is the operating enterprise's "substantial *ongoing* presence in product markets." *Id.* at 312. The focus on ongoing operations was consistent with *Tonopah's* focus on assets and income in the present. *See Tonopah*, 26 S.E.C. at *4-6. PSTH has no ongoing presence in any product market.

The Redditors try to salvage their argument by arguing that PSTH is "'an operating company'. . . albeit a company whose 'operations' are seeking an operating company with which to combine." Am. Br. 9. This circularity is exactly the sort of reasoning the Seventh Circuit's distinction between future acquisitions and present operations forbids. If acquisitions and operations are the same thing, then there is no point to the Seventh Circuit's distinction between those very things.

The Redditors then offer a string of citations indicating that PSTH has not held itself out as an investment company. Am. Br. 8-9. But ICA section 3(a)(1)(A) does not just apply to a company that "holds itself out" as an investment company—it also applies to a company that "is" an investment company. 15 U.S.C. § 80a-3(a)(1)(A). What matters is what a company actually does, not just its self-serving conclusions about what its actions legally mean. If a company could avoid the ICA by merely saying the statute does not apply, the ICA would be a dead letter. This is why a company's representations are just one of five factors in the *Tonopah* test—and not a very important one, since many companies have been held by the courts or the SEC to be investment companies despite claiming that they were not. *See Fifth Ave. Coach Lines*, 289 F. Supp. 3d

(S.D.N.Y. 1968); *Siimes v. Giordano*, 1992 WL 301622 (D.N.J. Oct. 8, 1992); *Tonopah*, 26 S.E.C. 426.

**B.     PSTH's History Demonstrates It is An Investment Company**

The Redditors try to distinguish a few of the cases that motivated the Seventh Circuit to describe acquisition companies as the "model" inadvertent investment companies, such as *Fifth Ave. Coach Lines* and *Tonopah*. The Redditors argue that these companies began their lives as operating companies, whereas PSTH was conceived from the beginning as an acquisition company. Am. Br. 12. This argument fails for several reasons.

First, it fails to explain why this minor difference is dispositive. The Redditors offer no evidence that the companies' prior operating-company status was dispositive in either of these opinions. It would be surprising if it did because under *Tonopah*, a company's history is just one of five factors—and not even the most important.

Second, the SEC has deemed acquisition companies to be investment companies <u>even when they begin their lives as acquisition companies</u>. In *Arizona Property Investors, Ltd.*, SEC No-Action Ltr., 1979 WL 14220 (Aug. 9, 1979), the SEC staff considered a company that, just like PSTH, began its life as a shell company with no operating business and then invested 100% of its assets in government securities while it searched to acquire an operating business—namely, in real estate. *Id.*, at *1. The staff treated this company exactly as Plaintiff asks this Court to treat PSTH: by granting it a grace period of one year to complete its deal and no more. *Id.* The company's origin as an acquisition company (rather than an operating company) was of no moment. In fact, the SEC has applied the one-year limit to all manner of companies without regard to when in their life cycles they began investing in securities. *See, e.g.,* C.F.R. § 270.3a-2(a) (2020); *Medidentic Mortgage Investors*, SEC No-Action Ltr., 1984 WL 45320, at *2 (May 23, 1984); *Florida First Equities Corp.*, SEC No-Action Ltr., 1980 WL 14869 (Sept. 11, 1980). The one-year

8

grace period is so universal that it applies even to companies that are not acquisition companies, and even to companies that do not satisfy the formal requirements of the safe harbor in Rule 3a-2.

Third, PSTH's origins as an acquisition company actually cut in favor of treating it as an investment company. The Redditors fixate on whether investors expected PSTH to comply with the ICA. But what actually matters is whether investors expected PSTH to act like an investment company. And by pledging to invest 100% of its assets in a pool of securities and allow investors to redeem from it, that is exactly what PSTH promised to do.

Additionally, unlike the companies in the other cases the Redditors cite, PSTH made its securities investments voluntarily. Sometimes a company can defend against a claim of investment company status by arguing that it was forced into securities investing (or forced to remain in securities investing) by events beyond its control. This was the case for Fifth Avenue Coach Lines, for instance, whose bus routes were taken away in a condemnation proceeding. *See Fifth Ave. Coach*, 289 F. Supp. at 9; *see also Medidentic*, 1984 WL 45320 at *2 (May 23, 1984) (asking whether a company was prevented from entering operations by forces beyond its control). PSTH, however, went into securities investing by design, knowing full well that it might never run a real business at all.

### C.     PSTH's Stock Price History Demonstrates It is An Investment Company

The Redditors argue that because PSTH's common stock used to trade at a price above the net asset value of the Company's portfolio of securities, PSTH's investors must have believed at one point that PSTH had worth beyond its pool of securities. Am. Br. 11. But the Redditors neglect to point out that the Company's stock price has radically changed. Since about the middle of July 2021—around the time PSTH crossed the one-year mark—PSTH has never traded meaningfully

above and has often traded below its redemption value of a little more than $20.[9] PSTH's decline occurred well before the filing of this suit and it tracked an industry-wide trend. In late 2020 and early 2021 as the number and popularity of SPACs exploded, many SPACs traded at significant premiums to NAV.[10] But as PSTH itself has acknowledged, since then "[n]early all pre-merger SPACs have traded at discounts to NAV."[11] This decline makes sense because nearly three quarters of a typical SPAC's shares get redeemed before the business combination, meaning that the only source of value the great majority of shares ever take from the SPAC is its government securities.[12] Whatever some investors may have arguably believed in the past, therefore, the price of PSTH's common stock now indicates that they have updated their beliefs to reflect a more accurate understanding of the truth: They expect the Company's securities portfolio to be the only source of return most of them will ever receive.

The Redditors say PSTH's investments in government securities are unimportant to their investment decision-making because the securities do not promise as many profits as a successful business combination. Am. Br. 11. But a rational investor knows that the future is uncertain and holds many possibilities, including both redemption and a business combination. What PSTH's current share price makes clear is that, whatever the Redditors may think, the possibility most

---

[9] *See* Docket No. 74, Ex. B; Yahoo! Finance, PSTH, available at https://finance.yahoo.com/quote/PSTH. This Court may take notice of publicly listed securities prices. *Ganino v. Citizens' Utilities Co.*, 228 F.3d 154, 167 n.8 (2d Cir. 2000).

[10] Jon Sindreu, *The SPAC Bubble Is Burst. It May Be Time to Invest*, available at https://www.wsj.com/articles/the-spac-bubble-is-burst-it-may-be-time-to-invest-11631619621.

[11] *See* Excerpt from Pershing Square Holdings, Ltd. Report, available at https://www.sec.gov/Archives/edgar/data/0001811882/000119312521256432/d216395dex991.htm.

[12] Michael Klausner, et al., *A Sober Look at SPACs*, 10 tbl. 1 (forthcoming Yale J. Reg. 2022) (showing that in the median SPAC, 73% of investors redeem), https://papers.ssrn.com/sol3/papers.cfm?abstract_id=3720919.

investors consider most weighty is the likelihood that they will redeem before the business combination and take only a chunk of PSTH's portfolio of government securities.

### D.     PSTH Does Not Warrant Special Treatment

The Redditors point to two instances in which the SEC purportedly offered unusually permissive treatment under the *Tonopah* test to companies with unusual business strategies. Am. Br. 15; *In re PacifiCare of Arizona, Inc.,* 84 S.E.C. Docket 859, 2004 WL 2674268 (Nov. 22, 2004); *In re ICOS Corp.*, 51 S.E.C. 322, 1993 WL 78892 (Mar. 16, 1993). But PSTH is a completely different kind of company and in any event the special treatment offered to these other companies would not go nearly as far as PSTH would need to win this case. Unlike PSTH, each of these companies had significant present operations. In *PacifiCare,* the company was a health management organization; in *ICOS*, it was a biotechnology firm. In *PacifiCare*, operations comprised a majority of total assets and 98% of revenue, 2004 WL 2674268, at *2 n.5, *4; in *ICOS*, operations accounted for a third of revenue and nearly all expenses. 1993 WL 78892, at *4. In *ICOS*, securities comprised a large portion of the company's accounting assets only because under accounting rules, the Company's most valuable asset—its technology—could not be carried on its books at its true economic value. *Id.*, at *3. Unlike PSTH, neither company allowed investors to redeem from its pool of securities or relied for management on a professional investment fund adviser.

### <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motions to dismiss.

10248418v1/017257

Dated: January 4, 2022
      New York, New York

**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Mark Lebovitch
Daniel E. Meyer
Joseph W. Caputo
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1519
Facsimile: (212) 554-1444
MarkL@blbglaw.com
Daniel.Meyer@blbglaw.com
Joseph.Caputo@blbglaw.com

Gregory V. Varallo
500 Delaware Avenue, Suite 901
Wilmington, DE 19801
Telephone: (302) 364-3601
Greg.Varallo@blbglaw.com

**BUZIN LAW, P.C.**
Robert J. Jackson, Jr. (*admitted pro hac vice*)
John Morley (*admitted pro hac vice*)
111 Broadway, Suite 1204
New York, NY 10006
Telephone: (914) 819-7527
rjj6@nyu.edu
johndmorley@gmail.com

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Dr., Ste. 300
Berwyn, PA 19312
Telephone: (484) 258-1585
Facsimile: (484) 631-1305
rm@rmclasslaw.com

**SUSMAN GODFREY L.L.P.**

*/s/ Stephen Shackelford*
Shawn J. Rabin
Stephen Shackelford
Cory Buland
Beatrice Franklin
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
srabin@susmangodfrey.com
sshackelford@susmangodfrey.com
cbuland@susmangodfrey.com
bfranklin@susmangodfrey.com

10248418v1/017257